[624 NYS2d 1021]

In the Matter of JOHN D. BRIDGE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 3, 1995

**APPEARANCES OF COUNSEL**

*Roderick Quebral,* Buffalo, for petitioner.

*Kevin W. Spitler,* Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this Court on April 5, 1965 and maintained an office for the practice of law in

Buffalo until he was suspended by this Court in February 1994 for a period of six months for acts of professional misconduct, including neglect. Respondent has not applied for reinstatement.

In October 1994 the Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from his activities as co-trustee of a testamentary trust between February 1991 and April 1992. Respondent filed an answer admitting the allegations in the petition and an affidavit setting forth mitigating circumstances.

The petition alleges and respondent admits that he converted trust funds to his own use; that he advanced funds to himself without the knowledge of the co-trustee; that he failed to seek approval from Surrogate's Court for receipt of advance fiduciary commissions; and that he failed to maintain adequate accounting records relating to transactions involving trust funds.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8])—by engaging in conduct involving dishonesty and that adversely reflects on his fitness to practice law.

We have considered the matters in mitigation presented by respondent, including that most of the funds converted to respondent's personal use would have been considered advance fiduciary commissions if the proper approval had been obtained and that respondent restored to the trust account the difference between the commissions he was owed and the amounts he advanced to himself. We conclude that respondent should be suspended for two years from the date of the order entered herein and until further order of this Court.

PINE, J. P., LAWTON, BALIO, DAVIS and BOEHM, JJ., concur.

Order of suspension entered.